**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2771
_____

JOHNNIE MICKELL,
                              Appellant

v.

JAMES CARL WEAVER; PAUL J. WARE; ROBERT MCMILLIAN, Warden;
DANIEL B. LIPTION, Attorney; DISTRICT ATTORNEY; DISTRICT ATTORNEY
OFFICER; SHANE SCANLON, Lackawanna County District Attorney
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil Action No. 3-16-cv-00291)
District Judge:  Honorable A. Richard Caputo

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 22, 2019
Before:  CHAGARES, BIBAS and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 23, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Johnnie Mickell, proceeding pro se, appeals an order of the United States District Court for the Middle District of Pennsylvania denying his motion to reopen his civil rights action. For the reasons that follow, we will affirm the judgment of the District Court.

Mickell filed a complaint in District Court pursuant to 42 U.S.C. § 1983 against the Police Department of Scranton and other defendants alleging that he was unlawfully incarcerated for two counts of public drunkenness and that the defendants conspired to compel him to plead guilty to offenses he did not commit in order to be released. Mickell claimed that the defendants violated his Eighth and Fourteenth Amendment rights and sought money damages. The defendants moved to dismiss the complaint.

The District Court adopted the Magistrate Judge's report and dismissed the complaint. The District Court construed Mickell's complaint as raising violations of his Fourth Amendment rights and, relying on state court dockets, ruled that his claims are barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), which precludes a claim under § 1983 where a judgment in the plaintiff's favor would necessarily imply the invalidity of a conviction unless the conviction has been overturned. The District Court also ruled that Mickell's complaint suffered from other deficiencies, including that his claims fail on immunity grounds and that he had not alleged the personal involvement of certain defendants or facts supporting a plausible claim for relief. The District Court declined to exercise supplemental jurisdiction over any state law claims. Mickell did not appeal.

2

More than eight months later, Mickell filed a motion to reopen his action asserting that his complaint reflects that he stated a claim and that the defendants made false statements in their motions to dismiss. He noted that Lackawanna County, where the charges against him were brought, is known to be corrupt. The District Court denied the motion because Mickell had not identified any basis for relief from the judgment under Federal Rule of Civil Procedure 60(b). This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's order denying relief under Rule 60(b) for abuse of discretion. See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008).

Mickell argues on appeal that the District Court erred in dismissing his complaint for failure to state a claim for relief, but his filings are not very clear. He contends that there "is no such offense as two counts of public drunkenness at one time" and that the District Court decided his case based on "a conflict of interest, bias discrimination, and racial prejudice." Brief at 3. He also states that the docket in another state criminal case falsely states the date he made bail and supports his claim of false imprisonment. In a subsequent filing, which may be construed as a reply brief, Mickell contends that there is no evidence of record that he was convicted of two counts of public drunkenness.

To the extent Mickell challenges the District Court's order dismissing his complaint, this order is not before us because he did not file a timely notice of appeal.

Our jurisdiction is limited to the review of the District Court's denial of Mickell's motion for relief from the judgment.[1]

Mickell has not shown that the District Court abused its discretion in denying relief. As noted above, Mickell asserted in his motion, without elaboration, that his complaint reflects that he stated a claim and that the defendants made false statements in their motions to dismiss. The District Court correctly stated that he had not identified any basis in his motion for relief from the judgment pursuant to Rule 60(b), which allows relief on various grounds, including mistake, newly discovered evidence, fraud, or another reason justifying relief. See Fed. R. Civ. P. 60(b). Even if we were to consider his arguments on appeal as grounds for his motion, he has not shown that relief was due. To the extent Mickell asks us to grant his motion for summary judgment, he was notified in a Clerk's Order that no action would be taken on this motion.

Accordingly, we will affirm the judgment of the District Court.[2]

---

[1]The District Court docket reflects that the dismissal order, which was sent to Mickell's place of confinement, was returned to the Court because he had been released. It is not clear when Mickell received notice of the order but he did not file a motion to extend or reopen the time to appeal in District Court. See Fed. R. App. P. 4(a)(5),(6).

[2]Mickell's motion for settlement, motion to remand to District Court for jury trial, "Motion for Pracipe Nunce Pro Tunce [sic]," which may be construed as a motion to remand for jury trial, and motion to review the Clerk's Order dated December 14, 2018, which may be construed as a motion for reconsideration, are denied.